IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN MIKOLON and DONIELLE PARQUETTE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS JORGE MARTINEZ, Star # 14377, SERGIO MARTINEZ, Star #19512, B A JOHNSON, Star #10048, J L ECHOLS, Star #12329, D VILLA, Star #15055, A AMADOR, Star #19941, A J DAKURAS, Star #2046, F ANDAVERDE, #2520, DS CLARK II, Star #7571, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | **JURY DEMANDED** |

## COMPLAINT

NOW COMES the plaintiffs, STEPHEN MIKOLON and DONIELLE PARQUETTE, through one of their attorneys, Jared S. Kosoglad, Blake Horwitz Law Firm, and complaining of the defendants CITY OF CHICAGO and CHICAGO POLICE OFFICERS JORGE MARTINEZ, Star # 14377, SERGIO MARTINEZ, Star #19512, B A JOHNSON, Star #10048, J L ECHOLS, Star #12329, D VILLA, Star #15055, A AMADOR, Star #19941, A J DAKURAS, Star #2046, F ANDAVERDE, #2520, and DS CLARK II, Star #7571, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. §§ 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## PARTIES

3. Plaintiffs STEPHEN MIKOLON and DONIELLE PARQUETTE are citizens of the United States of America, who currently reside in Cook County, Illinois.

4. Defendants CHICAGO POLICE OFFICERS JORGE MARTINEZ, Star # 14377, SERGIO MARTINEZ, Star #19512, B A JOHNSON, Star #10048, J L ECHOLS, Star #12329, D VILLA, Star #15055, A AMADOR, Star #19941, A J DAKURAS, Star #2046, F ANDAVERDE, #2520, and DS CLARK II, Star #7571, ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant CITY OF CHICAGO, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6. On or about the night of October 9, 2012, Plaintiff Stephen Mikolon went to the apartment of his girlfriend, Plaintiff Donielle Parquette, at 2945 N. Lawndale, Chicago, Illinois.

7. On the above date and time, without any lawful basis, the Defendant Officers unreasonably seized Plaintiff Mikolon.

8. On the above date and time, without any lawful basis, the Defendant Officers unreasonably searched Plaintiff Mikolon's residence.

9. At the above date and time, Defendant J. Martinez and Defendant S. Martinez, without probable cause or any other lawful basis, arrested Plaintiff Mikolon.

10. Defendant J. Martinez and Defendant S. Martinez, knowing no reasonable suspicion, probable cause, or other legal basis existed for the arrest or prosecution of Plaintiff Mikolon, caused false charges to be brought against Plaintiff Mikolon.

11. The charges against Plaintiff Mikolon were dismissed in a manner indicative of Plaintiff Mikolon's innocence.

12. On October 9, 2012, and continuing to the filing of this Complaint, the Defendant Officers made an agreement to violate the rights of Plaintiffs and took steps in furtherance thereof, including but not limited to the filing of false and incomplete police reports and charges.

13. As a direct and proximate result of the malicious actions of the Defendant Officers, Plaintiffs were injured, including loss of freedom, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, lost time, anxiety, and emotional distress.

### COUNT I: 42 U.S.C. § 1983 — Illegal Search and Seizure
### Plaintiff Parquette Against Defendant Officers

14. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.

15. The searches and seizures of the Plaintiff's person and property performed willfully and wantonly by the Defendant Officers, as detailed above, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

16. As a proximate result of the above-detailed actions of the Defendant Officers, Plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 — Illegal Search and Seizure
### Plaintiff Mikolon Against Defendant Officers

17. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.

18. The searches and seizures of the Plaintiff's persons performed willfully and wantonly by the Defendant Officers, as detailed above, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

19. As a proximate result of the above-detailed actions of the Defendant Officers, Plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 — False Arrest
### Plaintiff Mikolon Against Defendants J Martinez and S Martinez

20. Plaintiffs re-alleges each of the above paragraphs as if fully set forth here.

21. The actions of the individual Defendants, described above, whereby the Defendant Officers knowingly caused Plaintiff Mikolon to be arrested and imprisoned without probable cause or any other justification, constituted deliberate indifference to Plaintiff Mikolon's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

22. As a proximate result of the above-detailed actions of the Defendant Officers, Plaintiff Mikolon was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff Mikolon demands judgment against the Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights
### Plaintiff Mikolon Against Defendant J Martinez and S Martinez

23. Plaintiffs re-alleges each of the above paragraphs as if fully set forth here.

24. As described more fully above, the Defendant Officers reached an agreement amongst themselves to frame Plaintiff Mikolon for a crime he did not commit, and to thereby deprive Plaintiff Mikolon of his Constitutional rights, all as described more fully throughout this Complaint.

25. In this manner, the Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

26. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

27. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff Mikolon's rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiff and others.

29. As a proximate result of the above-detailed actions of the Defendant Officers, Plaintiff Mikolon was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff Mikolon demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 42 U.S.C. § 1983 – Equal Protection Class of One
### Plaintiff Mikolon Against Defendant J Martinez and S Martinez

30. Plaintiff Mikolon re-alleges each of the above paragraphs as if fully set forth here.

31. The joint action of the individual Defendants, in conspiring to cause the arrest, criminal prosecution and continued prosecution of Plaintiff Mikolon, violated the Equal Protection clause to the United States Constitution.

32. Defendant Officers intentionally treated Plaintiff Mikolon differently from others who are similarly situation.

33. Defendant Officers singled Plaintiff Mikolon out for false arrest, unlawful searches and seizures, and the other constitutional violations alleged herein.

34. Defendant Officers had no rational basis for Plaintiff Mikolon's different treatment, and/or Plaintiff Mikolon was treated differently because of Defendant Officers' totally illegitimate animus towards him.

35. The aforementioned actions of the individual Defendant Officers were the direct and proximate cause of the constitutional violations and injuries set forth above.

WHEREFORE, Plaintiff Mikolon demands compensatory damages from the individual Defendant Officers. Plaintiff also demands punitive damages, costs and attorneys' fees against the individual Defendant Officers and whatever additional relief this Court deems equitable and just.

### COUNT VI: 42 U.S.C. § 1983 – *Monell* Claim
### Plaintiffs Against Defendant City of Chicago

36. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

37. The constitutional violations detailed above were caused in part by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the City of Chicago, the Mayor of Chicago, the City Council, members of the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board, members of the Chicago Police Board, the Independent Police Review Authority (aka "IPRA"), and the Superintendent, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and

wantonly encouraged the infliction of physical and psychological injuries onto the citizens of the City of Chicago.

38. The customs, policies, and practices that caused the constitutional violations herein alleged include:

    a. a code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint; whereby officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to protect other officers; and whereby officers maintain loyalty to each other over the constitutional rights of citizens;

    b. the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional and criminal misconduct;

    c. the failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers; and

    d. the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct.

39. The policies, practices, and customs herein complained of are so prevalent and widespread within the Chicago Police Department as to put City of Chicago policy makers on actual and implied notice that such policies existed in full force and effect.

40. City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiffs by accepting, monitoring, maintaining,

protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 38 of this Complaint.

41. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiffs, City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

42. As a proximate result of the above-detailed actions of the defendants and City of Chicago policy makers, plaintiffs were injured, including injuries resultant from the above detailed constitutional violations, pain, suffering, anguish, embarrassment, emotional injuries, psychological injuries, physical injuries, and permanent injuries. In addition, the violations proximately caused the plaintiffs great humiliation, exposed them to public scandal and disgrace, and caused them to incur various expenses, all to their damage.

WHEREFORE, Plaintiffs demand judgment against the City of Chicago for compensatory damages, plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

### COUNT VII: 745 ILCS 10/9-102 - Indemnification
### Against Defendant City of Chicago

43. Plaintiffs re-alleges each of the above paragraphs as if fully set forth here.

44. Defendant City of Chicago is the employer of Defendant Officers.

45. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendant Officers be found liable on one or more of the claims set forth above, Plaintiffs demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendant, as well as attorneys fees and costs awarded.

### COUNT VII: Malicious Prosecution — State Claim
### Plaintiff Mikolon Against Defendant J Martinez and Defendant S Martinez

46. Plaintiff Mikolon re-alleges each of the above paragraphs as if fully set forth here.

47. By the actions detailed above, the individual defendants knowingly sought to and did in fact maliciously prosecute Plaintiff Mikolon on false charges for which they knew there was no probable cause.

48. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

49. As a direct and proximate result of the malicious prosecution, Plaintiff Mikolon was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE, Plaintiff Mikolon demands judgment against Defendants for compensatory damages, punitive damages, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**            Respectfully submitted,

STEPHEN MIKOLON &
DONIELLE PARQUETTE

By: */s/ Blake Horwitz*

Blake Horwitz, Esq.
THE BLAKE HORWITZ LAW FIRM
39 S. LaSalle Street
Suite 1515
Chicago, IL 60603
T: 312-676-2100
E: bhorwitz@bhlfattorneys.com